UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| OLLNOVA TECHNOLOGIES LTD., <br><br> Plaintiff, <br><br> v. <br><br> EMERSON ELECTRIC CO. and VERDANT ENVIRONMENTAL TECHNOLOGIES INC., <br><br> Defendants. | Case No. 6:22-cv-00358 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT
AGAINST EMERSON ELECTRIC CO. AND
VERDANT ENVIRONMENTAL TECHNOLOGIES, INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Ollnova Technologies Limited ("Plaintiff" or "Ollnova") makes the following allegations against Defendants Emerson Electric Co. and Verdant Environmental Technologies, Inc. (collectively, "Defendants"):

**INTRODUCTION**

1. This complaint arises from Defendants' unlawful infringement of the following United States patents owned by Plaintiff, which relate to smart home energy management: United States Patent Nos. 8,224,282 ("the '282 Patent") and 7,746,887 ("the '887 Patent") (collectively, the "Asserted Patents").

**PARTIES**

2. Plaintiff Ollnova Technologies Limited is a limited liability company organized and existing under the law of Ireland, with its principal place of business at The Hyde Building,

Suite 23, The Park, Carrickmines, Dublin 18, Ireland. Ollnova is the sole owner by assignment of all right, title, and interest in the Asserted Patents, including the right to recover for past, present, and future infringement.

3. On information and belief, Defendant Emerson Electric Co. ("Emerson") is a Missouri corporation with a principal address of 8000 West Florissant Avenue, P.O. Box 4100, St. Louis, MO 63136. Emerson has a regular and established place of business in this District, for example at 1100 W Louis Henna Blvd, Round Rock, TX 78681.

4. On information and belief, Defendant Verdant Environmental Technologies Inc. ("Verdant") is a Canadian corporation with its principal place of business at 5700 Henri-Bourassa Blvd W, Saint-Laurent, Quebec H8T 3J5, Canada. In March 2020, Emerson purchased Verdant. *See* https://www.emerson.com/en-us/news/corporate/emerson-acquires-verdant.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants in this action because Defendants have committed acts within this District giving rise to this action and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents.

7.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).  On information and belief, Defendants have transacted business in this District and have committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents.  Defendant Emerson Electric Co. has a regular and established place of business in this District, including at 1100 W Louis Henna Blvd, Round Rock, TX 78681.  Additionally, venue is proper as to a foreign defendant in any district.  28 U.S.C. § 1391(c)(3); *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018).  Defendant Verdant Environmental Technologies Inc. is a Canadian corporation, with a principal place of business in Canada.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,224,282

8.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

9.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,224,282, entitled "Method and device to manage power of wireless multi-sensor devices."  The '282 Patent was duly and legally issued by the United States Patent and Trademark Office on July 17, 2012.  A true and correct copy of the '282 Patent is attached as Exhibit 1.

10.    On information and belief, Defendants have and continue to make, use, offer for sale, sell, and/or import certain products and services, including without limitation the Emerson Sensi Smart Thermostat ST55, Emerson Sensi Touch Smart Thermostat ST75, Verdant VX Series Thermostat, and Verdant ZX Series Thermostat ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '282 Patent.

Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

11. The Accused Products satisfy all claim limitations of one or more claims of the '282 Patent. A claim chart comparing exemplary independent claims 1 and 13 of the '282 Patent to representative Accused Products is attached as Exhibits 2 and 3.

12. Defendants also knowingly and intentionally induce infringement of one or more claims of the '282 Patent in violation of 35 U.S.C. § 271(b). As of at least the filing and service of this complaint, Defendants have knowledge of the '282 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '282 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through online instruction and other online publications cited in Exhibits 2 and 3) to use the Accused Products in ways that directly infringe the '282 Patent. For example, Defendants provide users with instruction manuals on how to set up the Emerson Sensi Touch Smart Thermostat ST75 and Verdant VX Series Thermostat in an infringing manner. *See, e.g.*, https://sensi.emerson.com/en-us/support/sensi-manuals; https://fccid.io/XEYVX/User-Manual/Users-Manual-1545018. Defendants also promote that the Accused Products (such as the Sensi Touch Smart Thermostat and Verdant VX Thermostats) contain a plurality of sensors and can be used to communicate with other devices (such as phones, tablets, or other thermostats, for example) in an infringing manner:

| SENSI ALERT | TRIGGER |
|---|---|
| High temperature: | Above 99°F |
| Low temperature: | Below 45°F |
| High humidity: | Above 70% |
| Loss of heat/cool: | Temp goes up or down 5°F during cycle |

*See* [spec-sheet-sensi-touch-smart-thermostat-en-6309540.pdf (emerson.com)](spec-sheet-sensi-touch-smart-thermostat-en-6309540.pdf).



**Dashboard**

The app is now easier to navigate through multiple thermostats thanks to a dashboard view - from one thermostat to many, you can control your comfort with a few taps. To access more detailed information about a thermostat, tap on the thermostat name and be taken to the thermostat detail view.

**Geofencing**

For those living an unprogrammed life, we created the Geofencing feature. By using your phone's location relative to your individual thermostat's location, we can automatically set your mode to home or away, creating a 3-degree offset to save you money while you're gone. You will need to enable the geofencing feature for each thermostat in your home.

Read more about using the **Geofencing** feature.

*See* https://sensi.emerson.com/en-us/blog/sensi-thermostat-app.

> The Verdant VX Series Thermostat delivers unprecedented energy savings without compromising guest comfort.
>
> An integrated occupancy sensor allows for energy saving when rooms are unoccupied.
>
> Energy saving presets eliminate guesswork and make it easy to adjust the energy saving settings.

*See* https://www.verdant.co/wp-content/uploads/2018/08/VX-TW-KT-W-SpecSheet.pdf.

**Verdant's Proprietary 900MHz Communication Protocol**

All Verdant thermostats and accessories are networked and automatically form a deep mesh network, thereby enabling centralized control of all thermostats in a building from a cloud-based owner console.

All thermostats and accessories communicate via 900MHz (RF) to one another, and each thermostat acts as a node in the network, thereby boosting the signal throughout the building. The data from each thermostat is received by the Online Connection Kit (OL-KT), which is hard-wired via ethernet cable to an open internet port on property.

*See* https://www.verdant.co/knowledge-base/900mhz-protocol/. Defendants provide these instructions and materials knowing and intending (or with willful blindness to the fact) that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '282 Patent, thereby specifically intending for and inducing their customers to infringe the '282 Patent through the customers' normal and customary use of the Accused Products.

13.  Defendants have also infringed, and continue to infringe, one or more claims of the '282 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '282 Patent, are especially made or adapted to infringe the '282 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of at least the filing and service of this complaint, Defendants have knowledge of the '282 Patent and the infringing nature

of the Accused Products.  Defendants have been, and currently are, contributorily infringing the '282 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).

14.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendants have injured Plaintiff and are liable for infringement of the '282 Patent pursuant to 35 U.S.C. § 271.

15.     As a result of Defendants' infringement of the '282 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 7,746,887

16.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

17.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,746,887, entitled "Dynamic value reporting for wireless automated systems."  The '887 Patent was duly and legally issued by the United States Patent and Trademark Office on June 29, 2010.  A true and correct copy of the '887 Patent is attached as Exhibit 4.

18.     On information and belief, Emerson has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation the Emerson Sensi Smart Thermostat ST55 and Emerson Sensi Touch Smart Thermostat ST75 ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of

the '887 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

19. The Accused Products satisfy all claim limitations of one or more claims of the '887 Patent. A claim chart comparing exemplary independent claim 1 of the '887 Patent to representative Accused Products is attached as Exhibit 5.

20. Emerson also knowingly and intentionally induces infringement of one or more claims of the '887 Patent in violation of 35 U.S.C. § 271(b). As of at least the filing and service of this complaint, Emerson has knowledge of the '887 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '887 Patent, Emerson continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 5) to use the Accused Products in ways that directly infringe the '887 Patent. For example, Emerson instructs its customers and end users on how to install and use the Accused Products (including the Sensi Touch Smart Thermostat ST75) in an infringing manner. *See, e.g.*, https://sensi.emerson.com/en-us/support/sensi-manuals. Emerson also promotes that the Accused Products (such as the Sensi Touch Smart Thermostat ST75) can provide alerts in response to detecting a change in temperature or humidity, for example, outside a predetermined range in an infringing manner:

| Alert Name | Triggered |
|---|---|
| High Home Temperature | Temperature greater than 99°F |
| Low Home Temperature | Temperature less than 45°F |
| High Humidity | Humidity greater than 70% |
| Loss of Heating | Room temperature goes down 5°F during a heating demand |
| Loss of Cooling | Room temperature goes up 5°F during a cooling demand |

*See* https://sensi.emerson.com/en-us/support/email-alerts-related-to-my-hvac-system. Emerson provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Emerson also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '887 Patent, thereby specifically intending for and inducing its customers to infringe the '887 Patent through the customers' normal and customary use of the Accused Products.

21.   Emerson has also infringed, and continues to infringe, one or more claims of the '887 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '887 Patent, are especially made or adapted to infringe the '887 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of at least the filing and service of this complaint, Emerson has knowledge of the '887 Patent and the infringing nature of the Accused Products. Emerson has been, and currently is, contributorily infringing the '887 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).

22.   By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Emerson has injured Plaintiff and is liable for infringement of the '887 Patent pursuant to 35 U.S.C. § 271.

23. As a result of Emerson's direct infringement of the '887 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Emerson's infringement, but in no event less than a reasonable royalty for the use made of the invention by Emerson, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendants have infringed, either literally and/or under the doctrine of equivalents, the '282 and '887 Patents;

b. A judgment and order requiring Defendants to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '282 and '887 Patents;

c. A judgment and order requiring Defendants to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court;

d. A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the Accused Products;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendants; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

    Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: April 5, 2022　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ Reza Mirzaie

　　　　　　　　　　　　　　　　　　Reza Mirzaie (CA SBN 246953)
　　　　　　　　　　　　　　　　　　rmirzaie@raklaw.com
　　　　　　　　　　　　　　　　　　Brett E. Cooper (NY SBN 4011011)
　　　　　　　　　　　　　　　　　　bcooper@raklaw.com
　　　　　　　　　　　　　　　　　　Marc A. Fenster (CA SBN 181067)
　　　　　　　　　　　　　　　　　　mfenster@raklaw.com
　　　　　　　　　　　　　　　　　　Seth Hasenour (TX SBN 24059910)
　　　　　　　　　　　　　　　　　　shasenour@raklaw.com
　　　　　　　　　　　　　　　　　　Drew B. Hollander (NY SBN 5378096)
　　　　　　　　　　　　　　　　　　dhollander@raklaw.com
　　　　　　　　　　　　　　　　　　RUSS AUGUST & KABAT
　　　　　　　　　　　　　　　　　　12424 Wilshire Blvd. 12th Floor
　　　　　　　　　　　　　　　　　　Los Angeles, CA 90025
　　　　　　　　　　　　　　　　　　Phone: (310) 826-7474
　　　　　　　　　　　　　　　　　　Facsimile: (310) 826-6991

　　　　　　　　　　　　　　　　　　***Attorneys for Plaintiff Ollnova Technologies Limited***